IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 AUG 27  P 4:49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| v. | ) CIVIL ACTION NO. 2:07CV772-MHT |
| FOURTEEN THOUSAND FORTY ($14,040) DOLLARS IN UNITED STATES CURRENCY, | ) |
| DEFENDANT. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America (hereinafter, "United States"), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States the following property: Fourteen Thousand Forty ($14,040) Dollars in United States currency (hereinafter, "Defendant currency") which was seized on February 20, 2007, for violations of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

### JURISDICTION AND VENUE

2. The United States brings this action in rem in its own right to forfeit and condemn the Defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28

U.S.C. §§ 1345 and 1355(a). This Court has in rem jurisdiction over this action under 28 U.S.C. § 1355(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4. The Defendant consists of Fourteen Thousand Forty ($14,040) Dollars in United States currency, which was seized on February 20, 2007.

## FACTS

5. The facts and circumstances supporting the seizure of the Defendant currency are as follows:

   a) On February 20, 2007, agents of the United States Marshals Service assisted in arrests of defendants named in a multi-count indictment styled <u>United States v. Pacache, et al.</u>, Middle District of Alabama, Criminal Case No. 2:06cr169-WKW, which involves violations of 21 U.S.C. § 841 and 21 U.S.C. § 846.

   b) One of the defendants to be arrested was Darryl Lamont Brown. Agents went to Darryl Brown's residence to affect arrest and he was not at home. Denise Lasiter (Darryl Brown's mother) told agents that her son was at work with his grandfather, Willie Brown.

2

  c) Willie Brown is the grandfather of Darryl Brown and Darnell Brown. Darnell Brown is also wanted for arrest in connection with Criminal Case No. 2:06cr169-WKW.

  d) Darryl Brown's residence (908 County Road 150, Marbury, Alabama) is located near Willie Brown's residence (908 County Road 161, Marbury, Alabama). Agents went to Willie Brown's residence and arrested Darryl Brown.

  e) A female identified as Vera Brown was inside Willie Brown's residence and was uncooperative with agents. Vera Brown was standing at a bedroom door inside the residence. Agents approached her at the bedroom door and noticed a rifle lying just under the bed. Agents looked underneath the bed and found other weapons, as well as a black shaving bag which contained the defendant currency. Vera Brown said the bedroom belonged to Willie Brown.

  f) Denise Lasiter (Darryl Brown's mother) arrived at the residence and was present when the defendant currency was seized. Lasiter said the currency did not belong to her.

  g) Agents involved in the investigation of this case are familiar with Darryl Brown's grandfather, Willie Brown a/k/a "Pip". Agents are also aware of interviews conducted during the investigation of Criminal Case No. 2:06cr169-WKW that implicate Willie Brown in drug trafficking. The interviews include cooperating individuals who purchased large amounts of crack cocaine from Darryl Brown at the residence and observing suitcases

3

of United States currency in Willie Brown's possession at the residence.

    h)    In November 1991, Willie Brown was stopped in Jefferson Davis Parish, Louisiana and, as a result of the stop, approximately $29,000 in United States currency and marijuana were seized.

    i)    Willie Brown petitioned for United States currency seized from Joseph Cammon, a convicted crack cocaine dealer, in <u>United States v. $55,400</u>, Middle District of Alabama, Case No. 2:99cv1067-WHA. The $55,400 was condemned and ordered to be forfeited to the United States.

    j)    Joseph Cammon is the father of Demetrious Pegues (hereinafter, "Pegues"), who is also under indictment in Criminal Case No. 2:06cv169-WKW. Pegues is currently incarcerated by the State of Texas for drug trafficking crimes. At the time of drug seizure from Pegues in Texas, a home address of 908 County Road 150, Marbury, Alabama, was listed as Pegues's home address.

    k)    On or about June 5, 2007, Willie Brown filed a claim, asserting ownership of the Defendant Fourteen Thousand Forty ($14,040) Dollars in United States currency.

    l)    The only reasonable source for the Defendant currency is drug sales.

CLAIM FOR RELIEF

6.  The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5(l) above.

7.  The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 et seq.

8.  As a result of the foregoing, the Defendant currency is liable to condemnation and to forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States requests that the Court issue a Warrant for the arrest and seizure of the Defendant currency, pursuant to Supplemental Rule G(3)(b), which will executed upon the Defendant currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that the Defendant currency be forfeited and condemned to the United States; that the United States be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this the 27th day of August, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

_____
John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

**RECEIVED**
AUG 27 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA              )
COUNTY OF MONTGOMERY          )

RECEIVED
2007 AUG 28  A 9:06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## VERIFICATION

I, Todd Mims, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information are the official files and records of the United States and other law enforcement agencies, information supplied to me by other law enforcement officers, and the investigation of this case by myself and others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 27th day of August, 2007.

_____
TODD MIMS-Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me this the 27th day of August, 2007.

_____
Notary Public
Commission Expires: 9.23.09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:07CV772-MHT |
| ) | |
| FOURTEEN THOUSAND FORTY ) | |
| ($14,040) DOLLARS IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

## NOTICE OF ARREST AND SEIZURE

Notice is hereby given that the United States of America has filed a Complaint for Forfeiture In Rem and the Court has issued a Warrant of Arrest In Rem for the forfeiture of the Defendant currency, which was seized on February 20, 2007, in Chilton County, Alabama.

Any person claiming an interest in the Defendant currency must file a claim asserting that interest, in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5), such claim must be filed not later than 30 days after the date of service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint or as otherwise specified by Supplemental Rule G(5). In addition, any person having filed such a claim shall also file an Answer to the Complaint not later than 20 days after the filing of the claim, and shall serve and file the Claim and Answer to the Verified Complaint with the Office of the Clerk, United States District Court for the

Middle District of Alabama, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to:

> John T. Harmon
> Assistant United States Attorney
> Office of the United States Attorney
> Middle District of Alabama
> 131 Clayton Street
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> Telephone: (334) 223-7280.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§ 1602-1619, and 21 §§ 1316.71-1316.81.

All persons and entities who have an interest in the Defendant currency may, in addition to filing a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

                                             _____
                                             JESSE SEROYER, JR.
                                             UNITED STATES MARSHAL
                                             MIDDLE DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV772-MHT |
| ) | |
| FOURTEEN THOUSAND FORTY ) | |
| ($14,040) DOLLARS IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

<u>WARRANT FOR ARREST IN REM</u>

TO THE UNITED STATES MARSHAL OF THE MIDDLE DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint of Forfeiture <u>In Rem</u> has been filed in the United States District Court for the Middle District of Alabama, alleging that the Defendant currency is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. § 841 <u>et</u> <u>seq.</u>;

And, the Court being satisfied that, based on the Verified Complaint of Forfeiture <u>In</u> <u>Rem</u>, there is probable cause to believe that the Defendant currency so described constitutes property involved in or traceable to such violations of 21 U.S.C. § 841 <u>et</u> <u>seq.</u>, and that grounds for application for issuance of a warrant for arrest <u>in</u> <u>rem</u> exist, pursuant to Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims;

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest and seize said Defendant currency, and use your discretion and whatever means appropriate to protect and maintain said Defendant currency; and,

IT IS FURTHER ORDERED that you shall send any person who reasonably appears to be a potential claimant based upon the facts known to the United States, a copy of this Warrant and Verified Complaint In Rem in a manner consistent with the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure; and,

IT IS FURTHER ORDERED that you publish notice to all persons of this action and the procedures to be followed for making a claim as described in this Warrant in a manner consistent with Supplemental Rule G(4)(a); and,

IT IS FURTHER ORDERED that a return of this Warrant shall be promptly made to the Court identifying the individuals upon whom copies were served and the manner employed; and,

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the Defendant currency shall file a claim asserting that interest, in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5), and such claim must be filed not later than 30 days after the date of service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint, and shall serve and file their answers to the Complaint within twenty (20) days after the filing of the claim with the Office of the

Clerk, United States District Court for the Middle District of Alabama, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to:

>John T. Harmon
>Assistant United States Attorney
>Office of the United States Attorney
>Middle District of Alabama
>131 Clayton Street
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>Telephone: (334) 223-7280.

Done this the _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE