IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| PLAINTIFF,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:07cv772-MHT |
| ) | |
| FOURTEEN THOUSAND FORTY  ) | |
| ($14,040) DOLLARS IN UNITED  ) | |
| STATES CURRENCY,  ) | |
| ) | |
| DEFENDANT.  ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE CLAIM OF WILLIE BROWN AND VERA BROWN

Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides for the filing of a claim to the res subject to forfeiture. It states as follows:

Rule G. Forfeiture Actions In Rem.

(5) Responsive Pleadings.

    (a) Filing a Claim.

        (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

            (A) identify the specific property claimed;

            (B) identify the claimant and state the claimant's interest in the property;

            (C) be signed by the claimant under penalty of perjury;

            (D) be served on the government attorney designed under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Title 18, United States Code, 983(a)(4)(A) holds that:

> ....any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

On or about September 25, 2007, Willie Brown and Vera Brown (hereinafter, "the Browns") filed their claim. The United States moves to strike this claim because it is not signed by either claimant under penalty of perjury as required by law.

Rule G(5) requires that the claim be signed *by the claimant* under penalty of perjury. A verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; claims must be verified by the claimant, not by counsel. United States v. $125,934.62, 370 F.3d 1325, 1328 (11th Cir. 2004). A claimant's typed signature on the claim form is not sufficient, nor is signature of counsel unless counsel verifies the matters stated, states his authority to file the claim, and has his signature notarized. United States v. $138,920.00 in U.S. Currency, 2005 WL 2211183, at *3 (S.D. Ohio 2005). A district court may require individuals to strictly comply with the rule when bringing claims. United States v. $125,934.62 at 1328.

Because the Browns have not file a proper claim, they lack statutory standing in this case and cannot file any pleading. Accordingly, their claim must be stricken.

Respectfully submitted this 16th day of January, 2008.

                FOR THE UNITED STATES ATTORNEY
                LEURA G. CANARY


                /s/John T. Harmon
                John T. Harmon
                Assistant United States Attorney
                Bar Number: 7068-II58J
                Office of the United States Attorney
                Middle District of Alabama
                131 Clayton Street
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                Telephone:(334) 223-7280
                Facsimile:(334) 223-7560


CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed the foregoing Memorandum of Law in Support of Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Dwayne L. Brown.**


                /s/John T. Harmon
                John T. Harmon
                Assistant United States Attorney