IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      v. | )   CIVIL ACTION NO. 2:07cv772-MHT |
| | ) |
| FOURTEEN THOUSAND FORTY | ) |
| ($14,040) DOLLARS IN UNITED | ) |
| STATES CURRENCY, | ) |
| | ) |
|    Defendant. | ) |

**UNITED STATES' RESPONSE TO MOTION FOR RETURN OF PROPERTY**

Comes now the United States of America by and through Leura G. Canary, United States Attorney, and Assistant United States Attorney Tommie Brown Hardwick, both for the Middle District of Alabama, and, in compliance with this Court's order to show cause (Doc. 26), responds to Defendant/Claimant Willie James Brown's Motion for Return of Seized Property (Doc. 25) as follows:

**I.   PROCEDURAL HISTORY AND RELEVANT FACTS**

On February 20, 2007, agents of the United States Marshals Service participated in the arrests of defendants named in a multi-count indictment styled *United States v. Pacache, et al.*, Middle District of Alabama, Criminal Case No. 2:06-cr-169-WKW, which involved violations of 21 U.S.C. § 841 and 21 U.S.C. § 846.

Darryl Lamont Brown ("Darryl")[1], who is Claimant Willie James Brown's grandson, was one of the subjects named in the indictment. The United States Marshals Service Fugitive Task Force and various agencies went to Darryl Brown's residence located at 908 County Road 150, Marbury, Alabama, to execute an arrest warrant. Darryl Brown was not at the residence; however his mother, Denise Lasiter, told the agents that Darryl Brown was at work with his grandfather, Willie James Brown.

Task Force Agent ("TFA") Todd Mims was familiar with Willie James Brown ("Brown") based upon his investigation of Brown's grandsons, Darryl Lamont Brown and Darnell Brown and his investigation of other drug trafficking cases. The agents traveled to Willie James Brown's residence, located at 908 County Road 150, where they located Darryl inside the residence.

Darryl was arrested and the agents immediately conducted a protective sweep of the residence for officer safety. During the protective sweep, agents came in contact with Vera Mae Brown, Darryl's grandmother. The agents told Mrs. Brown to walk towards them; however, she would not comply. The agents entered the bedroom where Mrs. Brown was standing and observed part of a firearm extended from under the bed in plain view. Several

---

[1] There are several Browns who are reference in this response. The grandsons will be respectfully referred to by their first names for clarity, and, Claimant Willie James Brown will be referred to as "Brown."

firearms were discovered under the bed. A shaving bag was on top of one of the firearms under the bed. While moving the shaving bag and firearms, the agent noticed that the shaving bag was unusually heavy. The bag was opened to ensure that it did not contain another firearm. The agent opened the shaving bag and discovered $14,040 in United States currency. Based upon prior investigative data that Willie James Brown was involved in drug trafficking, the currency was seized.

An administrative forfeiture proceeding commenced and notice was sent to Willie James Brown. Willie James Brown and Vera Mae Brown filed a claim to the currency on June 5, 2007. The matter was referred to the United States Attorney's Office on June 19, 2007, and a civil Complaint was filed on August 27, 2007. The Browns have filed an answer to the Complaint and a claim to the currency.

On July 3, 2008, Willie James Brown (only) filed a Motion for Return of Seized Property.[2] The United States now files this response to Brown's motion.

**II.   CLAIM RAISED IN THIS MOTION**

Brown contends that the currency was wrongfully seized and that it should be returned to him. He supports his claims with

---

[2] During her deposition on June 26, 2008, Vera Mae Brown denied any and all ownership in the $14,040 United States currency seized from 908 County Road 150, on February 20, 2007.

3


assertions that the seizure was unlawful since the agents and officers did not have a search warrant for his residence.

### III. FEDERAL RULES OF CRIMINAL PROCEDURE RULE 41(g) DOES NOT APPLY TO CIVIL FORFEITURE PROCEEDINGS.

Claimant Willie James Brown seeks the return of $14,040 in United States currency seized from his residence on February 20, 2007. Although Brown has not provided the Court or the government with any legal authority by which this Court can grant his request, the government presumes Brown's motion is filed under *Federal Rules of Criminal Procedure*, Rule 41(g).

Rule 41(g) provides in relevant part that,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property my move for the property's return.

*Fed. R. Crim. P.*

Notwithstanding, a Rule 41(g) "is unavailable . . . when property is retained pursuant to civil forfeiture instead of for use as evidence." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999). Moreover, Rule 1(a)(5)(B), *Fed. R. Crim. P.,* excludes the application of criminal rules to "a civil property forfeiture for violating a federal statute." Thus Brown's motion is not properly raised under Rule 41(g).

In addition, since a civil Complaint was filed against Brown, to which he has answered and filed his claim, Brown is presently exercising his adequate remedy at law in the judicial forfeiture proceeding. The law is well settled that "equitable jurisdiction

is highly discretionary and must be exercised with caution and restraint" when a Claimant does not have an adequate remedy at law and "when [claimant's] conduct and the merits of his [motion] require judicial review to prevent manifest injustice." *See Eubanks 169 F.3d 674*; *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990); and *Coley v. United States* 180 Fed.Appx. 90, 92 n. 3 (11th Cir. 2006). The circumstances of Brown's seizure and civil forfeiture proceeding before this Court do not merit this Court's exercise of its equitable jurisdiction.

IV. **CONCLUSION**

For the above reasons, Claimant Willie James Brown has failed to show that this Court has jurisdiction over his request for the return of property seized on February 20, 2007. Therefore, Brown's motion is due to be denied as inapplicable to this civil proceeding and because Brown has an adequate remedy at law.

Respectfully submitted on this 24th day of July 2008.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

**/s/Tommie Brown Hardwick**
Tommie Brown Hardwick
Assistant United States Attorney
Office of the United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone:(334) 223-7280
Facsimile:(334) 223-7560

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2008, I electronically filed the foregoing United States' Response to Claimant Willie James Brown's Motion for the Return of Seized Property that the clerk of the Court using the CM/ECF system will send notification of such filing to the following: Dwayne L. Brown.

**/s/Tommie Brown Hardwick**
Tommie Brown Hardwick
Assistant United States Attorney